## EMERY & MARTIN *vs.* HITCHCOCK & HART.

A *covenant to sell, assign, release and transfer* the interest of a party in a leasehold estate and in a partnership concern, will be adjudged a conveyance *in præsenti ;* where from the provisions of the instrument it is manifest that it was the intent of the parties that it should so operate.

Where parties to a *submission to arbitration*, specify particularly the matters submitted, and the arbitrators endorse their award on the submission, directing one party to pay to the other a certain sum of money, *according to the principles of the within bond ;* such award is good, although it do not state that the arbitrators passed upon *all* the matters submitted.

Where a covenant is entered into with two *covenantees*, to pay to *one* of them a certain sum of money, or such sum as shall be awarded to him, although the one to whom the money is to be paid is alone to be *benefitted*, still both having an interest in the covenant the action must be brought in the names of *both*, or in case of the death of one, in the name of the survivor.

But *it seems*, where the covenant is with *two*, as with A. and B. *and each of them* to perform two several acts, one for the benefit of A. and the other for the benefit of B., a separate action may be brought by each covenantee in his own name.

DEMURRER to delaration.   The plaintiffs declared on a sealed instrument in writing, executed by both plaintiffs and defendants, beginning in these words ; " This indenture, made the 17th day of February, in the year 1830, between Noah Emery and Nathan Martin, of, &c. of the first part and William Hitchcock and Manna Hart, of, &c. of the second part," *reciting* that in July, 1829, Emery and Hitchcock had taken a *lease* of 50 acres of land of certain persons of the names of Nichols and Luce, at a specified rent for the term of 3 years and had agreed to purchase the same upon certain conditions ; that they as partners, had erected on the premises a saw-mill and dwelling house, and made other improvements ; and as such partners, had for some time carried on business

had contracted debts, and had debts owing to them; and also, that Hitchcock had become bound as the surety of Emery, for the payment of certain individual debts; and then proceeding as follows: " Now, therefore, the said Emery doth *hereby agree to sell, assign, release and transfer* unto the said Hitchcock, all his right and interest in and to the said 50 acres of land, and in and to all property which they, the said Emery and Hitchcock, have heretofore or now hold in partnership, or as tenants in common." In consideration whereof, Hitchcock agreed to refund to Emery the amount he had advanced in money, labor or goods, to the partnership funds, making certain deductions which were specified. The balance found due against either party, to be paid within 18 months. All debts due to the partnership to belong to Hitchcock, and he to pay all debts owing by the firm; Emery to have the use of the dwelling house, in which his family then resided, until 1st May, 1830, subject to rent, and the partnership is declared to be dissolved. And for the purpose of settling and adjusting the partnership concern and all demands and accounts between them, upon the principles and according to the terms of such agreement, they nominate three persons as arbitrators, to " award, order, adjudge and determine upon the matters aforesaid ;" the award to be made in writing, on or before the sixth day of *April,* then next, concluding as follows: " for the due and faithful performance of the aforementioned covenants and agreements, the said parties to this agreement, bind themselves, their heirs, executors and administrators, mutually, each to the other." The plaintiffs averred that the arbitrators on the 2d April, 1830, made and published their award, and thereby ordered that Hitchcock should pay to Emery $272,80, with interest, according to the principles of the bond ; and that the sum of money thus awarded to be paid, was the balance due to Emery for his advances, &c. after deducting, &c. The plaintiffs then alleged non-payment, &c. and concluded in the usual form, that the defendants had not kept their covenant, &c. The defendants craved oyer of the instrument declared on, and also of the award, which were accordingly set forth ; the bond, the same as set forth in the declara-

NEW-YORK,<br>May, 1834.<br><br>Emery<br>v.<br>Hitchcock.

NEW-YORK, tion and the award, in these words ; " We, the within named
May, 1834. arbitrators, have sat together and heard the demands, allega-
Emery    tions and proofs of the parties named *within*, (the award being
v.      probably endorsed on the submission. Reporter.) and do
Hitchcock. finally award that the said W. Hitchcock shall pay to the said
N. Emery, $272,80, with interest, according to the principles
of the within bond," and then put in a general demurrer to
the declaration. The plaintiffs joined in the demurrer. The
cause was submitted on written briefs.

*E. Smith Sweet,* for the defendants, insisted 1. That the
covenant on the part of the defendants was dependant upon
the performance of the covenant on the part of Emery, to sell,
assign, release and transfer his interest in the 50 acres and in
the partnership property, to Hitchcock ; that the declaration
contained no averment of such performance, and that it was
therefore bad in substance ; 2. That the award was void for
uncertainty, it not appearing upon its face that the arbitrators
had passed upon *all the matters* contained in the submission ;
and 3. That Emery and Martin could not *jointly* maintain the
action ; Emery alone having an *interest* in the subject matter
of the suit, ought to have brought the suit in his own name.
In support of the last point, the counsel cited 2 Saund. 116, a.
n. 2 ; 3 Mod. 263 ; Bull. N. P. 157 ; 5 Coke, 19 ; 1 Saund.
153, 4, n. 1 ; 1 Chitty's Pl. 6, 7, 8.

*J. A. Collier,* for the plaintiffs.

*By the Court,* NELSON, J. From an examination of the
terms of the instrument in this case regarding the subject
matter of it, and the various provisions contained in it, I am
satisfied the intent of the parties to be gathered from the
whole was, to have it operate as to the interest of Emery in
the lease, and in the partnership funds as a release or assign-
ment *in præsenti,* and that such is its effect, The considera-
tion is to be paid within a fixed time from the date, not from
the date of any future release ; and the defendant Hitchcock
is expressly authorized to settle and collect the outstanding
debts, for his own benefit, forthwith. Arbitrators are nomi-

nated, whose duty it is to settle and award the amount due either party, according to the stipulations in the indenture ; and the amount thus awarded is to be paid absolutely at the expiration of eighteen months. Nothing further is to be done by Hitchcock but to pay to Emery the balance, if any be found against him by the arbitrators. I have no doubt that under this agreement Hitchcock would be entitled to possess and enjoy the whole of the partnership estate, in defiance of Emery.

The award is sufficiently certain, and is conclusive upon the defendants. The arbitrators were to adjust the accounts of the parties according to the terms of the submission, and strike the balance. The balance they have struck, and unless we are at liberty to overhaul their judgment upon the matters submitted, we are bound to assume it has been correctly done. This is the doctrine of all the cases in this court. 10 Johns. R. 143. 2 id. 62. 9 id. 38. The principle is, that where there are no legal objections appearing on the face of the award, it is final, and nothing *dehors* can be pleaded or given in evidence against it, except misconduct or corruption in the arbitrators. The revised statutes, 2 R. S. 542, § 10, 11, have relaxed this rule in some respects, but not so as to affect this case. The cases cited from 7 East, 81, 8 id. 13, have no application to the question here. There, by the terms of the submission, the arbitrators were to determine and award upon several distinct matters, and it appeared upon the face of the award that they had omitted some of them. They were bound to adjudicate upon each, and this should appear by the award, otherwise the authority of the submission would be disregarded. Not so here. The ascertainment of the balance due to one or the other was all that the terms of the submission required. That has been distinctly passed upon.

The suit, I think, was properly brought in the names of both plaintiffs. The instrument was *inter partes*, and, besides, the parties were, by the terms of it, bound mutually, each to the other, for the faithful performance of all the covenants and agreements contained in it. There is no doubt that an action on a contract, whether by parol or under seal, must be brought in the name of the party in whom the *legal interest* in

such contract is vested ; and that, when the legal interest and cause of action of the covenants is several, each may sue separately for his particular demand, although the words of the covenant or agreement are joint and not several. 1 Chitty's Pl. 3, 6, and cases there cited. But the *legal interest* of a party in the contract or covenant, and the *benefit* to be derived from or under it, are very different things, and must not be confounded. This distinction is more clearly stated in *Anderson* v. *Martindale*, 1 East, 500, than in any other case or authority I have met with. There the declaration stated the covenant to be to and with J. A. in his lifetime, his executors, &c. and also to and with E. W. and her assigns, that one of the defendants should pay to the said J. A., his executors, &c. £60 per annum during the life of E. W. The suit was brought in the name of the administrator of J. A., and there was a general demurrer to the declaration and joinder. The ground taken in support of the demurrer was, that the covenant was made jointly with the two covenantees for one and the same thing, and that the cause of action survived to E. W. In support of the declaration, it was contended that the sole benefit and interest belonged to the intestate, J. A. ; that he therefore might have sued in his own name in his lifetime, and of course his representatives since his death might prosecute ; that the action followed the nature of the interest or benefit, and none passed to E. W. Lord Kenyon said it could not be distinguished from *Slingby's case*, 5 Co. 18, b., and after commenting upon that case, he observed, " It has been assumed in the argument for the plaintiff, that the covenantees had different interests, but that is not so ; the covenant to both was for the same thing, and though the benefit was only to one of them, yet both had a legal interest in the performance of it, and therefore the legal interest being joint during the lives of both, on the death of one, it survived to the other." A case there cited by the defendant's counsel is like the one in question. Yelv. 177. Bull. N. P. 158. In an indenture between *Rolle and another* of the one part and Yate of the other among other covenants, one was, " It was agreed between the parties that Yate shall enter into a bond to pay Rolle £160 by a certain day. *Rolle* died, the money not being paid, his execu-

tors brought covenant against Yate, and it was decided that the action should have been in the name of the survivor. After the above distinction between the legal interest in the execution of a covenant and a benefit to be derived under it, it is very clear that this suit was rightly brought in the names of the plaintiffs. As was said in the above case, in reference to one of the parties there, the only interest here which Martin has in the agreement is, to see that the defendants have fulfilled their covenants, which are for the benefit of his co-covenantee. This interest is joint, and not several, as is the case where one covenants with A. and B., and each of them to perform two things, one of them for the benefit of A. and the other for the benefit of B. In such a case the covenant will be moulded according to the several interests of the parties, and each may recover for a default, so far as his separate interest is concerned. The legal interest and cause of action of the covenantees would be several; and though in form the covenant was joint, the actions might be several. *Eccleston v. Clipsham*, 1 Saund. 153, and note 1. 10 Wendell, 91. 1 Chitty, 6.

Judgment for plaintiffs, with leave to defendants to amend on payment of costs.