## CHARLES SHIRLEY *VS.* SUMNER SHATTUCK.

Arbitrators have no authority in this commonwealth to award costs of arbitration, if no provision is made in the submission to that effect.

Where arbitrators awarded that the plaintiff should recover of the defendant a certain sum of money, and one half of the costs of arbitration, amounting to a sum stated, which they included in the first-named sum, and they had no authority to award concerning costs, it was held, that the award was divisible, and that the part relating to costs might be rejected, and the residue held good.

Where the terms of a submission are general, of all matters and things whatsoever in dispute between the parties, an award of a certain sum of money, to be paid by the defendant to the plaintiff, is sufficiently certain, and a good execution of the submission.

A demand of a greater sum than is due is, in general, a good demand of what is due; it is otherwise, where non-payment of what is due will give rise to a forfeiture.

THIS was an action of debt on a bond executed jointly by Josiah K. Bennett, of Mason, in the state of New Hampshire, as principal, and the defendant, of Groton, in this state, as surety, in favor of the plaintiff, also of Mason, conditioned for the performance of an award. The trial was before *Byington*, J., in the court of common pleas.

The condition of the bond was, that Bennett, his heirs, &c., should in all things stand to, obey, perform, fulfil, and keep the award, arbitrament, and final determination of John Stevens, George Taft and Willis Johnson, all of said Mason, appointed to arbitrate, award, order, judge, and determine of and concerning all and all manner of actions, causes of action, suits, &c., and demands whatsoever (in the broadest and most comprehensive terms) by and between the parties, so as the award be made in writing, under the hands of the arbitrators, and ready to be delivered to the parties, on or before the 1st of June, 1845.

The arbitrators, after hearing the parties, awarded that the plaintiff should recover of Bennett the sum of $137·60; that the cost of the arbitrators, taxed at $18·15, should be paid equally by the parties; that Shirley having paid the whole of the arbitrators' cost, one half of the same was charged to Bennett, by the arbitrators, and included in the sum of $137·6C awarded to be paid by him; and that as to any

further cost, which might have been incurred, each party should pay his own.

The defendant objected to the sufficiency of the award: 1st. Because it did not appear therein, what claims were laid before the arbitrators by the parties, or upon what claims the arbitrators made an award in favor of the defendant, or whether beyond the sum awarded for costs, the arbitrators awarded such further sum for damages or for costs; 2d. Because the arbitrators exceeded their authority in awarding the costs of arbitration.

These objections were overruled by the presiding judge.

It appeared in evidence, that the plaintiff having assigned the award, the assignee demanded a performance of it of Bennett; and the assignee testified, (having reassigned the award to the plaintiff,) that it not having occurred to him at the time, whether the arbitrators had a right to award as to costs, he demanded the whole amount awarded.

The defendant objected, that this was not a good demand, inasmuch as the assignee demanded the whole amount of the award, costs as well as damages, and the award being void as to the costs, the demand was therefore insufficient.

As to this point, the presiding judge ruled, that if the assignee demanded the whole sum awarded, (it not occurring to him at the time that the arbitrators had awarded on the subject of costs, or whether they had a right to do so,) and the said Bennett refused to fulfil the award, the demand would be sufficient, unless the ground of his refusal was, that more was demanded than was legally awarded; but if he was ready to pay the sum legally awarded, and refused to perform the whole award, on the ground that more was claimed by it than could legally be recovered, then the demand would not be good.

The jury found a verdict for the plaintiff, and the defendant excepted to the foregoing rulings and instructions.

*B. F. Butler* and *B. Russell*, for the defendant.

*G. F. Farley* and *J. G. Abbott*, for the plaintiff.

DEWEY, J. This case has heretofore been before the court, and certain exceptions taken to the ruling of the court of

common pleas, as to the effect of a judgment of the court of New Hampshire, have been overruled. The case upon these exceptions is reported in 13 Met. 256. It is again brought before us, upon further exceptions taken upon a second trial.

The first ground, upon which the last verdict is sought to be set aside, as presented upon the argument, is, that the arbitrators had no right, under the terms of the submission, to award costs; no particular authority to that effect being given them by the articles of submission. Applying the law of Massachusetts to the case, it seems well settled, that the arbitrators had no authority to award costs. *Peters* v. *Peirce*, 8 Mass. 398; *Vose* v. *How*, 13 Met. 243. The law of New Hampshire is otherwise; *Spofford* v. *Spofford*, 10 N. H. 254; and if the submission, hearing and award were all transactions occurring in New Hampshire, the local law would properly apply to the case. There does not distinctly appear sufficient upon the papers accompanying the case, to show that this award was made in New Hampshire, although i appears highly probable from the residence of the parties that it was so. But assuming the fact to be otherwise, we are clearly of opinion, that the award is divisible; and that the part of it, which awards one half of the costs of the arbitration, to be paid to the plaintiff, may be rejected, and the other parts of the award held good. The precise sum thus awarded is named in the award, and may therefore be deducted from the whole sum awarded, without the least difficulty. The case presents no connection between the different parts of the award, which renders it objectionable to treat the award as divisible. If, therefore, the arbitrators erred in awarding one half of the costs to be paid by the defendants, that would furnish no objection to the right of the plaintiff to maintain this action, deducting from the amount of the award the sum included therein for costs.

2. It is said that the award is bad for uncertainty, and the case of *Houston* v. *Pollard*, 9 Met. 164, is relied upon. But an inspection of that case, and of the case of *Rider* v. *Fisher*, 5 Scott, 86, there cited, will indicate at once the broad

distinction between these cases and the present. There the submission in terms required an award to be made as to sev eral distinct matters, but the arbitrators in their award had omitted to award as to some portion of them. In the pres-ent case, the submission was in the most general form, of all demands and controversies whatever, and an award of a cer-tain sum of money, as due from the defendant to the plain-tiff, may well be taken to be a full execution of the submis-sion. *Emery* v. *Hitchcock,* 12 Wend. 156; *Gray* v. *Gwennap,* 1 B. & Ald. 106; *Karthaus* v. *Ferrer,* 1 Peters, 222.

3. The next point raised is as to the sufficiency of the de-mand made upon the defendant. The demand, it is said, was too large; embracing the entire award which of course in-cluded the costs awarded. The instructions upon this point were sufficiently favorable for the defendant. They assumed, that if the defendant was ready and willing to pay what was legally awarded to the plaintiff, but refused to pay any thing solely because more was demanded than was legally awarded, the demand would be insufficient. Generally speaking, a de-mand of a sum greater than that which may be due is still a good demand; and it is the duty of the other party to pay what is due. The case of a demand for a sum due, when non-payment of what is due would occasion a forfeiture, is different. *Bradstreet* v. *Clark,* 21 Pick. 389. But that differs from the general rule upon the subject of a demand.

*Exceptions overruled, and judgment on the verdict for the plaintiff.*