Ott *v.* Schroeppel.

---

SAME TERM. *Before the same Justices.*

OTT and others, adm'rs, &c. *vs.* SCHROEPPEL.

A bond of submission to arbitrators was subject to the following condition: "That if the above bounden H. W. S. shall well and truly submit to the decision of O. H. W., M. M., W. D. and J. G., or either three of them who shall act, named, elected, and chosen arbitrators, as well by and on the part and behalf of the said E. O. as of the said H. W. S., between whom a controversy exists, to hear all the proofs and allegations of and concerning, *First*, the amount which has actually been paid upon a certain contract between the said S. of the one part and the said E. O. and J. O. of the other part, of date March 1, 1835, and which in justice should be applied thereon; and indorse the amount so found on said contract, and *Second*, of and concerning also all actions, causes of action, controversies, suits, judgments, debts, dues, and demands, and all other matters of whatsoever name and nature now existing, &c. and *determine* and *settle*, and *award also*, upon said second mentioned matters, &c. *so as* the award of the said arbitrators be made in writing subscribed by them, or any two of them and attested by a subscribing witness ready to be delivered to the said parties on or before the 1st day of Feb. next, then," &c.

*Held* that by the true interpretation of the bond, the parties intended to bind themselves to submit to the award of the arbitrators, of and concerning, *first* the amount that had been paid upon the contract mentioned, at the date of the

Ott *v.* Schroeppel.

submission, and *secondly* of and concerning all actions, demands, &c. That both subjects were submitted, to be awarded upon, and that the arbitrators were bound to embrace both in their award.

It is indispensable to the validity of an award made in pursuance of a submission containing the *ita quod* clause, that it should embrace all the subjects submitted.

Although, upon a general submission of all demands, actions, &c. an award is conclusive as to all matters to which the submission extends, whether any particular included in the submission was or was not laid before the arbitrators, or passed upon by them; yet this principle does not extend to a case where a specific subject matter is submitted, in addition to a general submission of all demands.

Where, by a conditional submission, dated December 28, 1842, the parties submitted to arbitrators, among other things, the question how much had been paid upon a certain contract, *at the date of the submission,* and the award merely determined the amount which had been paid upon the contract up *to the 1st of January,* 1841 ; wholly omitting to find how much had been paid up to the date of the submission; *Held* that, by expressly limiting their finding to a time previous to the date of the submission, the arbitrators had precluded all ground for a presumption that they intended their award should embrace the intervening period; and that the award was void for the omission to include the whole period.

*Held also,* that the court could not *infer,* in aid of the award, that there were no payments made upon the contract during the time intermediate the 1st of January, 1841, and December 28, 1842, the date of the submission.

THIS was an action of debt brought by Edward Ott, in 1847, against the defendant, to recover the amount of an award in his favor, against the defendant. Edward Ott died in the progress of the suit, and the action was revived in favor of the present plaintiffs as his administrators. The declaration recited that on the 28th day of December, 1842, in Oswego, certain bonds of arbitration were mutually executed to each other, by the parties respectively, conditioned amongst other things that the parties, Ott on one side and Schroeppel on the other, " should well and truly submit to the decision of Orla H. Whitney, Mathew McNair, William Dalloway, and John Grant, jr. or either three of them who should act, named, selected, and chosen arbitrators, as well by and on the part and behalf of the said plaintiff, as of the said defendant, between whom a controversy existed, to hear all the proofs and allegations of the said parties, (amongst other things,) of and concerning all actions, causes of action, controversies, suits, judgments, debts,

dues, and demands, and all other matters of whatsoever name or nature, then existing between the said parties, including a suit then pending in the supreme court in which said Schroeppel was plaintiff and Jacob H. Becher was defendant, and then noticed for the then present Oswego circuit, in which said Ott was interested, especially reserving from their consideration and determination the suit in slander, in Oswego common pleas, between said Ott and said Schroeppel, in which Ott had recovered a verdict, and all matters relative thereto, and settle and award also upon said matters, so as the said award of the said arbitrators be made in writing, subscribed by them or any two of them, and attested by a subscribing witness, ready to be delivered to the said parties in difference on or before the first day of February, (1843,) then next.  The declaration then averred that three of said arbitrators, Whitney, Dalloway and Grant, (McNair declining to act,) took upon themselves the burden of said arbitration and within the time appointed, to wit, on the 28th of January, 1843, did duly make and publish their award in writing, subscribed by two of said arbitrators, to wit, Grant and Dalloway, and attested by J. Neilson, a subscribing witness thereto, of and concerning the said matters in difference, ready to be delivered to the said parties in difference, and bearing date January 28th, 1843, and did thereby award and direct that the said defendant, Henry W. Schroeppel, should pay or cause to be paid to the said plaintiff, Edward Ott, his heirs or assigns, the sum of five hundred and thirty-two dollars and sixty-nine cents, thirty days from the date of said award, with interest, which was to be in full payment and satisfaction of all debts, dues, and demands, which then were or had been in suit in any court, and also in full settlement, payment and satisfaction for and on account of any and all controversies, cause or causes of action, that might have existed or did then exist between the aforesaid parties, either in law or equity, saving and reserving however the slander suit in the Oswego common pleas, in which Ott had recovered a verdict against Schroeppel, and which had not been in any way considered or involved by any consideration or determination in making their said award.  The decla-

ration then alledged the non-payment of the sum awarded with the interest or any portion thereof, in the common form, and claimed to recover the same in debt in this action. The second count of the declaration was an indebitatus count on the same award. The third count was for an account stated, in debt, claiming the amount of said award to be in arrear and unpaid.

The fourth count was an interest count in debt for interest on the same award. The first plea was *nil debet*, in the common form. The second plea alledged that the bond of submission also contained the following condition: that the arbitrators should "hear all the proofs and allegations of the parties of and concerning first, the amount which had been actually paid upon a certain contract between the said Schroeppel of the one part, and the said Edward Ott and Joseph Ott of the other part, of date March 1, 1835, and which in justice should be applied thereon, and indorse the amount so found on said contract," and secondly, of and concerning also all actions, &c. as stated in the condition recited in the first count of the plaintiffs' declaration. The plea then alledged that evidence was given to said arbitrators on the hearing, of payments actually made upon the contract mentioned in the condition of said arbitration bond, and the same was a matter of difference between the parties before the said arbitrators on said hearing and was duly submitted for their award thereon; but that the said arbitrators did not within the time limited make an award in writing, subscribed by them or any two of them and attested by a subscribing witness, ready to be delivered to the said parties, of the amount that had been paid upon the said contract. Wherefore he prayed judgment against the first count of the declaration. And for a further plea the defendant said in substance that although the said Dalloway and Grant did within the time subscribe the said award in writing with their own proper hands, and the same was attested by J. Neilson, a subscribing witness thereto, as stated in the plaintiffs' first count, yet that on the last day for the making of said award the said defendant requested the arbitrators to deliver the said award to him, the said defendant, but they neglected so to do; and the plea then prayed for judg-

Ott v. Schroeppel.

ment against the first count of the plaintiffs' declaration. The plaintiff put in a replication to the first special plea of the defendant, and averred that Orla H. Whitney, William Dalloway and John Grant, junior, within the time limited, did also duly make and publish their award in writing, subscribed by their own proper hands and attested by S. B. Ludlow as subscribing witness thereto, as to the signature of the said Dalloway and Grant, (two of said arbitrators,) of and concerning first the amount which had been actually paid upon the said contract of date March 1, 1835, and which in justice should be applied thereon ; which said award in writing was indorsed on the said contract, specifying the amount so paid on said contract, ready to be delivered to the said parties in difference and bearing date January 28, 1843, by which they awarded and determined that the whole amount which had been paid actually on the said contract, amounted to the sum of five hundred and thirty dollars and sixty-two cents, of which the defendant had notice. The plaintiff also put in a replication to the last plea of the defendant, in which he averred that at the time the defendant requested the arbitrators to deliver him the said award there was due and unpaid to said arbitrators the sum of eighteen dollars for the reasonable charges in the matter of said arbitration, for their services in the premises, of which the defendant had notice ; and that the arbitrators were then and there ready and willing and offered to deliver the said award to the said defendant, on payment of the said sum of eighteen dollars, as their reasonable charges therefor; without this that they neglected to deliver the same as stated by the defendant in his plea. The defendant put in a rejoinder to the plaintiffs' first replication, denying that the arbitrators made any such award as was stated by the plaintiff in his said replication. He also put in a rejoinder denying that eighteen dollars was due the arbitrators when the defendant requested them to deliver him the said award. The issues thus joined were tried before Justice Pratt at the Oswego circuit, in February, 1849. The plaintiffs' counsel presented in evidence and proved the bonds of submission as set forth in the declaration. And that an arbitration took

Ott *v.* Schroeppel.

place in pursuance thereof in January, 1843, before John Grant, jr. William Dalloway, and Orla H. Whitney, three of said arbitrators. That Mathew McNair, the other arbitrator named, was notified and declined to act. The plaintiffs' counsel then proved the award, which is in the words and figures following:

"To all to whom these presents shall come or may concern. William Dalloway and John Grant, jun. and O. H. Whitney, to whom was submitted as arbitrators the matters in controversy existing between Edward Ott and Henry W. Schroeppel, as by the condition of their mutual bonds or obligations executed by the said parties respectively, and sealed with their respective seals, dated the 28th day of December, 1842, more fully appear. Now therefore know ye, that we the arbitrators mentioned in the said bond, having heard the proofs and allegations of the parties and examined the matters in controversy by them submitted therein, do therefore make this award in writing, that is to say, the said Henry W. Schroeppel shall pay or cause to be paid to the said Edward Ott, his heirs or assigns, the sum of five hundred and thirty-two dollars and sixty-nine cents, thirty days from this date with interest, which is to be in full payment and satisfaction of all debts, dues and demands which now are or have been in suit in any court, and also in full settlement, payment and satisfaction for or on account of any and all controversies, cause or causes of action that may have existed or do now exist between the aforesaid parties, either in law or equity; saving and reserving, however, a certain suit in slander in the Oswego common pleas, in which the said Ott recovered a verdict against the said Schroeppel, and which has not been in any way considered or involved by any consideration or determination in making our award."

The plaintiff's counsel also produced and proved an instrument which he called an award, indorsed on the contract mentioned in the pleadings, of date March 1, 1835, in the words and figures following: "The whole amount which has been paid actually on the within contract up to the first day of January in the year 1841, is and by our award amounts to the sum of five

Ott *v.* Schroppel.

hundred and thirty dollars and sixty-two cents. Given under our signatures this 28th day of January, in the year 1843.

In presence of S. B. Ludlow, by     John Grant, jun.
                Wm. Dalloway.        William Dalloway.
                John Grant, jun.     O. H. Whitney."

The plaintiff also proved that the award and the instrument indorsed on said written contract above set forth were made the day they bore date, and that duplicates were made, all of which were on that day, or the day after, deposited with S. B. Ludlow, to be delivered to the parties on payment of the balance of the arbitrators' fees. That the whole charge of the arbitrators was $36, one half of which was paid in a check at the time of the arbitration—which check was delivered to the arbitrators by N. Soule for Schroeppel. That at the time of the arbitration it was understood by all the parties that the award was to be delivered to Judge Ludlow, to whom the balance of the fees were to be paid, and that the arbitrators delivered the award and contract in writing with the said instrument indorsed thereon, to him, Judge Ludlow, with directions not to deliver them or communicate the contents thereof without payment of the $18, the balance due the arbitrators for their services. That some time after the first day of February, 1843, Judge Ludlow delivered up the award and instrument indorsed on said contract, on receiving the $18, to D. H. Marsh, on behalf of Mr. Ott, which Marsh paid for Ott. The bond of arbitration and award and instrument indorsed on said contract were then read in evidence, and no other awards were proved.

The plaintiff's counsel proved the amount due on the award declared on, with interest, to be $755,90. The defendant's counsel then moved for a nonsuit on the following grounds: 1. That the indorsement on the contract was not an award, within the submission, nor does it profess to be; for the arbitrators in the very instrument refer to the award as their authority to indorse. 2. If the indorsement was an award, then there were two awards made, and this the arbitrators had no authority to do. 3. That the award upon the Ott contract was not an award attested according to the bonds of submission. 4. That

Ott *v.* Schroeppel.

the award was not a good and final award, as it did not find the amount which had been actually paid on the Ott contract, within the terms of the bond of submission. 5. That the arbitrators had no legal right to retain the award to compel the payment of the balance of their fees; but were bound to publish it and to deliver it to the defendant if demanded, on or after the day for publication and delivery mentioned in the submission. Which objections were overruled, and said motion was denied by the court; to which decision the defendant's counsel excepted. A verdict was taken for the plaintiff for $755,90, subject to the opinion of the court, with liberty to either party to turn the same into a special verdict or bill of exceptions.

*Le Roy Morgan,* for the plaintiffs.

*W. H. Sabin,* for the defendant.

*By the Court,* GRIDLEY, J. This cause comes before us at this time upon a case subject to the opinion of the court. It has been before the court on two former occasions, upon demurrers; and we have been obliged to express an opinion upon several of the questions raised on this argument. It may be remarked however, that neither the entire bond of submission, nor the entire award has ever been spread out on the pleadings; and we have been compelled to give a construction to some parts of both as they were presented unconnected with the context, which may be found to differ somewhat from the interpretation demanded by a consideration of the instruments taken as a whole.

The bond of submission set forth in the case is subject to the following condition: " That if the above bounden H. W. Schroeppel shall well and truly submit to the decision of Orla H. Whitney, *Matthew* McNair, William Dalloway and John Grant, jun. or either three of them, who shall act, named, elected and chosen arbitrators as well by and on the part and behalf of the said Edward Ott, as of the said Henry W. Schroeppel, between whom a controversy exists, to hear all the proofs and allega-

Ott *v.* Schroeppel.

tions of and concerning, *First,* the amount which has actually been paid upon a certain contract between the said Schroeppel of the one part and the said Edward Ott and Joseph Ott of the other part, of date March 1st, 1835, and which in justice should be applied thereon; and indorse the amount so found on said contract—and *Second,* of and concerning also all actions, causes of action, controversies, suits, judgments, debts, dues and demands, and all other matters of whatsoever name and nature now existing," &c. (" especially reserving," &c.) " *and determine and settle and award* ALSO, upon said second mentioned matters." [Here follows a provision that the arbitrators shall be sworn; and then the bond proceeds in these words :] " *so as* the award of the said arbitrators be made in writing, subscribed by them or any two of them, and attested by a subscribing *witness,* ready to be delivered to the said parties on or before the 1st day of February next, then this obligation to be void," &c. This bond is very awkwardly drawn, and it is by no means an easy task to give it a construction entirely satisfactory.  The great question is whether the true interpretation of the instrument required the arbitrators to embrace in their award a determination of the amount that had been paid on the Ott contract up to the date of the bonds of submission, *and* to indorse such amount on the contract.  The difficulty arises upon the point whether the condition to "submit to the decision of Orla H. Whitney" and the other arbitrators is to be read so as to require the parties to submit to the "decision" of the said arbitrators *of* and *concerning* the amount paid on the Ott contract, and also *of* and *concerning* all actions and demands, &c.; or whether it should be read as merely requiring the arbitrators " to hear all the proofs and allegations" of and concerning, *first,* the amount paid upon the said contract, and *secondly,* upon all actions, demands, &c. between the parties.  The grammatical construction makes the phrase " *of and concerning,* §c." refer to the hearing of the proofs and allegations, as its immediate antecedent.  We have heretofore held, and upon an attentive consideration of the entire instrument we are still of the opinion, that the parties intended to bind themselves to submit to the " *decision,*" (in other

words the *award*) of the arbitrators " of and concerning *first*, the amount actually paid, &c. and *secondly*, of and concerning also, all actions," &c. That both subjects were submitted to be awarded upon, and that the arbitrators were bound to embrace both in their award. Upon any other construction the word " *decision*" is without an object, and stands wholly unconnected with the rest of the instrument. There is nothing else to which it can relate. " *Decision*" of the arbitrators, we may ask, upon *what ?* The answer is obviously " *of and concerning*" the subject matter of the submission. And though the awkward and inartificial manner of drawing the bonds has occasioned some difficulty in applying the " *decision*" of the arbitrators to the phrase of and concerning, the amount due upon the contract, according *to strict grammatical rules; yet the undoubted* meaning of the parties was to provide that they should submit to the " *decision*" of the arbitrators, " *of and concerning*" the subject matter of the submission ; as well as to declare that the arbitrators were named and chosen to hear the proofs and allegations " of and concerning" the same subjects. This construction is confirmed by the language subsequently employed in another part of the instrument. After reciting the second subject matter of submission, which was general, of all demands, it seems to have occurred to the person who drafted the bond that the intention of the parties had not been clearly expressed : and he therefore adds, " And determine and settle and *award also* upon said second *mentioned matters*," clearly implying that the matter first mentioned had already been submitted as a subject of the award. By requiring the arbitrators to award " *also*" upon the second mentioned matter as well as the first, all doubt is removed in regard to the intentions of the parties that they should award upon *both.* Again ; the bond requires the arbitrators to be sworn " to *make a just award.*" The inquiry arises upon what were they to be sworn to make a just award ? Upon one of the matters submitted ? or upon the whole ? Clearly upon the whole. Then follows the " *ita quod*" clause—" *so as the award of the arbitrators be made*," &c. We may again inquire, what was meant by the expression " *the award of the arbitrators*" in this

Ott v. Schroeppel.

clause? Undoubtedly, an award upon the whole matters sub-
mitted, as well that involving the determination of the amount
that had been paid on the Ott contract as that concerning the
general demands of the parties.

If I am right in my construction of the bonds of submission,
then the award should have determined *how much* had been
paid on the contract of March 1st, 1835, at the date of the sub-
mission. This was indispensable to the validity of an award
made in pursuance of a submission containing the "*ita quod*"
clause. This principle was most explicitly laid down in the
case of *Randall* v. *Randall*, (7 *East*, 81, 83.) That case bore
a strong analogy to the one under consideration; and Lord El-
lenborough, in delivering the opinion of the court says, "The
arbitrators had three things submitted to them; one was to de-
termine all actions, &c. between the parties; another was to
settle what was paid to the defendant, &c.; the third was to
ascertain what rent was to be paid by the plaintiff to the defendant
for certain land. The authority given to the arbitrators was
conditional, '*ita quod*,' they should arbitrate on the matters by
a certain day. If then they fail as to one of them, the condition
has not been performed upon which the award was to have its
obligatory effect; and here they have stopped short and have
omitted to settle one of the subjects of difference which was stip-
ulated for. This is not like the case where an award being
good in part and bad in part, the good part shall not be vitiated
by the arbitrators having directed something to be done which
is superfluous and bad. But here the very condition on which
the parties submitted to the award has failed." This decision
was founded, among other authorities, on 1 *Roll. Abr.* 256;
*Cro. Jac.* 836; *Willes*, 268; 8 *Coke*, 98, and 2 *Vern.* 200; and
has been expressly recognized as sound law, and the principle
re-asserted by Mr. Justice Spencer in *Jackson* v. *Ambler*, (14
*John.* 106,) and by Judge Nelson in 12 *Wend.* 159, as well as in
many other cases. In *Randall* v. *Randall* the whole award
was held void for the reason that the arbitrators stopped short
and omitted to award upon one of the specific matters submitted
to them. So this court held in this same case, (3 *Barb. Sup.*

Ott v. Schroeppel.

*Court Rep.* 60, 62,) that the award under consideration was void because the arbitrators stopped short, and omitted to award how much had been paid on the contract mentioned in the submission. This was so held upon two grounds; (1.) That the indorsement on the contract was not an award within the agreement of submission, and that it does not on its face profess to be, inasmuch as it alludes to the award as the authority for making the indorsement. When this case was before us on a demurrer to an amended replication, which the plaintiff had put in as a substitute for that which had been adjudged insufficient, we held that on the facts set forth in such amended replication the award was good.(a) But it was pleaded as an award, which upon a fair construction of the pleading determined how much had been paid on the aforesaid contract up to the date of the . bond of submission. There was no objection on the face of the pleading to the award, except that in form it was executed and signed on two pieces of paper, which we held to be immaterial. We were however careful to confine our decision to a case corresponding with the facts stated in the amended replication, in these words: "We need not say that we are bound to take the facts, as they are pleaded, to be true; and the replication alledges a perfect award upon both subjects submitted." Upon an examination of the entire bonds of submission and of the award as the same are proved, it is very difficult to say that the principal award and the indorsement on the contract can be read together as one award in law, so as to satisfy the conditions of the bond of submission, which obviously contemplates one award upon both matters. We would not object to their being written in different instruments in point of form, for they might notwithstanding be read together. But it requires a great latitude of construction to read the indorsement on the contract as part of the principal award, when it does not profess to be an award on its face; and especially when it is attested by a different witness, and, by means of the attestation being confined to the signatures of two of the arbitrators, could by no possibility be the

(a) 4 *Barb. Sup. C. Rep.* 250.

Ott *v.* Schroeppel.

award of the three who executed the principal award. (5 *Paige*, 578, *and cases there cited.*)

(2.) The award was held to be void on the ground that, conceding the indorsement could be read with the other award as a part of it, yet it only determined how much had been paid on the contract on the first day of January, 1841; wholly omitting to find how much had been paid up to the date of the bonds of submission, and by expressly limiting the finding to a day long previous, precluding all grounds for a presumption that they intended their award to embrace the two intervening years. We gave our reasons for holding that this indorsement was no compliance with the requirements of the submission, in the opinion before referred to. Our views on that point will be found at pages 61 and 62 of the 3d of Barbour, to which we desire merely to refer without repeating them here.

We deem it proper, however, to allude to one or two grounds put forth with much ingenuity by the plaintiffs' counsel on the present argument. He argued that the court would intend that there were no payments after January 1, 1841, and that Ott would be concluded by the award from insisting on any payments made after that date.

It is doubtless true that upon a general submission of all demands, actions, &c. an award is conclusive as to all matters to which the submission extends, whether any particular included in the submission, was or was not laid before the arbitrators or passed on by them. This is so settled in this state and in England. (*See* 19 *Wend.* 285, *and the cases cited by Bronson, J. in his opinion.*) And upon this doctrine upon a submission of all notes, bills, bonds, judgments, and demands, if the arbitrators should make a general award between the parties, neither party could thereafter recover upon a note by proving that it was not awarded on, or taken into consideration by the arbitrators. But this principle has never been extended to a case where a specific subject matter was submitted in addition to a general submission of all demands. By the second resolution in *Baspoole's case* in the 8*th of Coke*, it was resolved "that when the submission is general an award of part is good, for

otherwise the parties may conceal one thing and make the award void. But if it be of diverse things in special, *ita quod arbitrium fiat de permissis*, an award of *part* is *void;* but good without such conclusion." This is in strict accordance with the doctrine of *Randall* v. *Randall*, before cited. See to the same point, the remark of Spencer, J. (14 *John.* 106,) "that when there is a reference of two distinct matters of reference, and the arbitrators omit to decide one of such distinct matters, the whole award is vitiated." So too in *Warfield* v. *Holbrook*, (20 *Pick.* 531,) one of the cases cited by the plaintiffs' counsel, the distinction is taken by Ch. J. Shaw between the two classes of cases, declaring the general rule as it is admitted to exist, but adding that the law is otherwise where a matter is specifically submitted and the arbitrators omit to pass upon it; citing for this distinction the 1st of *Barnwell & Adolphus*, 723, and the 2d *Adolphus & Ellis*, 752, which fully sustain the ground assumed by the learned Ch. Justice.

Again. It is laid down in *Rolle's Ab. tit. Abr. b*, and it is held in *Karthans* v. *Ferris*, that in order to impeach an award made in pursuance of a conditional submission, on the ground of only part of the matters having been decided, the party must distinctly show that there are other points in difference of which the arbitrator had notice, and that he neglected to determine them. This principle can not help the plaintiff. The bond of arbitration in this case gave express notice to the arbitrators, that it was a point in difference, how much had been paid on the contract in question up to the date of the bonds, and the indorsement itself shows that evidence was given on the subject. That evidence would doubtless have warranted them in finding that no more than the sum indorsed had been paid on the contract up to the date of the bond. But they did not so find; and by expressly excluding from the period to which their finding was applicable, the time that intervened after the 1st of January, 1841, they say by the strongest implication, that as to that period they make no award. It is not, in our judgment, a case where we can make any intendment enlarging the language of an award so explicit in its terms. Nor

will Ott in any future litigation be concluded from proving any intervening payments, on the principle that being within the terms of a general submission, he was bound to prove such payments and obtain an award for them, or be thereafter concluded. There is no analogy between this case and the class of cases to which that rule is applicable. This is the conclusion to which the best consideration we have been able to give to this case has brought us. It is a case involving some new questions, and it must be admitted that it is not free from difficulty. We may have erred; but if we have, it is gratifying to know that our error will be corrected. Judgment must be entered for the defendant.

---

SAME TERM. *Before the same Justices.*