RICHARD LAHY AND JOHN COUNSELMAN, *vs.* NATHAN HOLLAND, ADM'R OF SOLOMON HOLLAND, USE OF REUBEN SUMMERS.—RICHARD SMITH, SURVIVOR OF SOLOMON HOLLAND, *vs.* RICHARD LAHY AND JOHN COUNSELMAN.— RICHARD SMITH, SURVIVOR OF SOLOMON HOLLAND, *vs.* SAMUEL COUNSELMAN..—*December,* 1849.

The appellants entered into an agreement, under seal, reciting that they " had rented of *R S,* and *S H,* trustee of *A M W,* for one year, a mill, for which they were to pay one hundred and fifty dollars to *R S,* and one hundred and fifty dollars to *S H,* trustee as aforesaid, or such other trustee of *A M W,* as may be lawfully appointed, said sums to be paid in quarterly payments, recoverable by distress or otherwise, by said *R S* and *S H,* or person authorised

to receive, jointly or separately, as to either of them may be convenient."
On the 5th of February, 1839, *S H* brought an action of covenant for the non-payment to him of the $150. The appellants pleaded, that on the 1st of January, 1839, *S H* had resigned his trusteeship of *A M W*, and another trustee had been lawfully appointed in his place. Upon demurrer to this plea, HELD:

That the appellants cannot object that *S H* has lost his character as trustee. Whether trustee or not, does not affect his right to sue under the agreement to which he is the *legal* party. The debt accrued to *S H* in his lifetime, and before the appointment of another trustee, and, of course, survived to his administrator.

Where a covenant is by deed poll, one not named in it, cannot recover on it.

Two tenants in common, may make a lease, reserving portions of the rent to each, and may sever in their actions.

Where the covemant is to several, for the performance of several duties to each, there the covenant shall be moulded according to the several interests of the parties, and each shall only recover so far as his own interest extends.

In this agreement there is no joint legal interest in the covenantees, and each may maintain separate actions for the recovery of his portion of the rent.

If the covenantees have several interests, and the covenant be made with the covenantees, *et cum quolibet eorum,* these words make the covenants several, in respect to their several interests.

The covenant being several to each of the covenantees, *R S* cannot sue for the whole, as survivor of *S H.* neither can he, as such survivor, recover the whole sum against a party who agrees to become security that the covenantors will perform all that is required of them by said agreement.


Appeals from *Montgomery* county court.

The first of these cases, No. 18, was an action of *covenant,* originally instituted by *Solomon Holland,* against the appellants, on the agreement below. *Solomon* dying before the pleadings were completed, the appellee, *Nathan Holland,* as his administrator, appeared to the suit, which was continued in his name, for the use of *Reuben Summers.*

"We have rented, for one year, commencing on the 16th day of the present month, and to end on the 16th day of August, 1831, of *Richard Smith* and *Solomon Holland,* trustee of *Anna Maria Wilson,* the mill, in *Montgomery* county, *Maryland,* known by the name of '*Cabin John Mill,*' for which we are to pay $150 to *Richard Smith,* and $150 to

*Solomon Holland,* trustee as aforesaid, or to such other trustee of *Anna M. Wilson* as may be lawfully appointed, and the said sums shall be paid in fourth parts, or quarterly payments, recoverable by distress or otherwise, by said *Smith* and *Holland,* or person authorised to receive, jointly or separately, as to either of them may be convenient. We are, at our own expense, to make all such repairs to said mill and the machinery belong-to it, as are now necessary to put it into complete order for use, and also to repair the dam of said mill, clear out and put in good order the race, tail race, and forebay of said mill, and if, after such repairs are made, the dam shall at any time, without the negligence of us, require repairs which will cost more than $5, the same is to be done at the cost of said *Smith* and *Holland,* or those they represent, and, at the expiration of our term, the mill is to be delivered up in as good repair as we are, by this agreement, required now to put it in, and each of us is bound for the full performance of the engagement hereby entered into by us. Witness our hands and seals, this 10th day of August, 1830.        RICHARD LAHY,    (Seal.)

JOHN COUNSELMAN, (Seal.)

Witness—GASSAWAY PERRY."

The pleadings in the case are fully stated in the opinion.

The cause was argued before CHAMBERS, SPENCE, MAGRU-DER, and FRICK, J.

RICHARD J. BOWIE, for the appellants, contended, that the judgment below should be reversed:

1st. Because the right of action was not in *Solomon Holland* individually, but in *Solomon Holland* as trustee, or such other trustee of *A. M. Wilson* as should be lawfully appointed; and the plea that *Solomon Holland* had, before the institution of the suit, viz: on the 1st of January, 1839, ceased to be trustee, etc., being admitted by the demurrer, was a good plea in bar, and should have been sustained.

2nd. That the interest of the covenantees being joint, the suit should have been brought in the names of *Richard Smith* and *Reuben Summers,* trustee of *Anna M. Wilson.*

The *first* point, the appellants think, is established by the terms of the contract. The stipulation was not to pay to *Solomon Holland* absolutely, unqualifiedly, but to *Solomon Holland,* trustee of *A. M. Wilson,* or such other trustee of *A. M. Wilson* as may be lawfully appointed. Another trustee having been lawfully appointed, non-payment to *Solomon Holland* was no breach of the contract.

On the *second* point, the appellants cite as follows: "It is a well settled principle, that covenants shall not be construed to be joint or several, from the particular language in which they may be conceived, but shall be moulded and measured according to the interests of the covenantees." *Platt on Cov.,* 123. 3 *Law Lib.* "If the interests of the parties be several, although the words of the covenant itself be joint, yet the covenant shall be taken to be several; and where the interest is joint, the action itself must be joint, though the covenant, in terms, be joint and several." *Slater vs. Magraw,* 12 *G. & J.,* 270. *Platt on Cov.,* 127.

The subject matter of the contract in this case, is a mill held by the lessors, *Smith* and *Holland,* trustee, jointly, and rented jointly by the lessees, *Lahy* and *Counselman,* out of which the rent, as an incident, was payable jointly to the lessors, according to their respective interests.

The interest of the lessees was not severed, because the terms of the lease gave them a joint or several remedy for the rent; but the interest being joint, still, according to principles above cited, controlled the terms of the contract, and confined the lessors to a joint action. The contract is an entire thing, although it contains several stipulations, and the right of action must be joint or several, it is assumed, upon the whole contract, and cannot be joint as to part of the stipulations, and several as to others.

The lessees, in addition to the covenant to pay, also covenant to keep in repair. It cannot be supposed, that for a breach of the latter covenant, the lessors could sue separately, yet the interest in the rent is not more separate than in the repairs. The portion of each lessor, in the rent, has been ascertained by the

contract; their proportions of the damages for not repairing, would be fixed by law. If the lessees had been evicted, the loss would have been mutual and equal as to the lessors. *Vide Southcote vs. Hoare,* 3 *Taunt,* 87, cited in *Platt on Cov.*, 127. 3 *Law Lib.*

The covenant in this case is with *Smith* and *Holland,* trustee, "or such other trustee of *A. M. Wilson,* as should be lawfully appointed;" which latter words are nearly the same as those used in the case in *Taunton,* where the contract was held to be joint, and not several. *Vide, also, Anderson vs. Martindale,* 1 *East.,* 497.

FRICK, J., delivered the opinion of this court.

Action of covenant instituted by the appellee against the appellant.

The agreement upon which this action is brought, is set forth in the declaration, and recites, that the appellants "had rented of *Richard Smith,* and *Solomon Holland,* trustee of *Anna M. Wilson,* for one year, a mill called '*Cabin John Mill,*' for which they were to pay $150 to *Richard Smith,* and $150 to *Solomon Holland,* trustee of *Anna M. Wilson,* or such other trustee of *A. M. Wilson* as may be lawfully appointed; the said sums to be paid in fourth parts, in quarterly payments, recoverable by distress or otherwise, by said *Richard Smith* and *Holland,* or person authorised to receive, jointly or separately, as to either of them might be convenient." The breach alleged is, that the appellants had not paid the said *Solomon Holland,* in his lifetime, or any other trustee of said *A. M. Wilson,* the said sum of $150. The agreement bears date the 10th of August, 1830; and the appellants plead, that after making the agreement aforesaid, on the 1st of January, 1839, *Solomon Holland* resigned the trusteeship, and ceased to be the trustee of said *Anna M. Wilson,* and that a certain *Reuben Summers,* was lawfully appointed in his place, and is still in full life and being, and that his authority remains unrevoked; to which the appellants demurred, and the judgment upon the

demurrer being in favor of the plaintiffs, the appellants appealed to this court.

This appeal is predicated upon the proposition: 1st. That *Solomon Holland*, on the 1st of January, 1839, having ceased to be a trustee, and being admitted by the demurrer, is a good plea in bar, and should have been sustained by the court below. The action was instituted on the 5th day of February, 1839. But it is not for the appellant to object, that *Holland* has lost his character as trustee, and does not appear on the record as such. The stipulation is to pay *Holland*, and the application of the fund is a matter between him and the party he represents, and on whose behalf he sues. Whether trustee or not, does not affect his right to sue under the agreement to which he is the *legal* party, if the appellants have had the benefit of the contract with him. He does not contract *for Anna M. Wilson*, and she is in nowise responsible for the performance of the agreement. If he fails in his stipulation, or the appellants are disturbed in the enjoyment of the premises, the remedy is not against her, or any future trustee that may be appointed, but against *Holland* himself; and the non-payment of the rent reserved, is a breach of the contract upon which *Holland* alone can sue, while payment to him, absolves the appellants from any further action, either on the part of *Anna M. Wilson*, or any other trustee that may be appointed. The debt or demand, moreover, accrued to *Holland* in his lifetime. The rent then became due, and before the appointment of another trustee. Of course he was the only person entitled to sue, and the debt survived to his administrator. Besides, the covenant is by deed poll, and is, in express terms, to pay *Solomon Holland*, and one not named in it, cannot recover on it. 1 *Salk*, 197. And the intervention of the subsequent trustee, is noticed in the only practicable mode in which he could claim under the agreement, by the entry of the suit to his use. 2nd. It is contended, that the interest of the covenantees being joint, the action should have been brought in the names of *Richard Smith* and *Reuben Summers*, trustee of *Anna M. Wilson*.

But the reservation in the agreement is express, that they may claim the rent "jointly or separately, as to either may be convenient." It does not appear, from the agreement, whether they were joint tenants, or tenants in common. But, from this reservation of a separate rent to each, it must be presumed they were tenants in common of the property. Two tenants in common may make a lease, reserving portions of the rent to each, and may sever in their actions. 6 *L. Lib.*, 58. *5 Barn. and Ald.*, 850.

In *Platt on Covenants*, 123, we find the doctrine as laid down by the counsel for appellants, "that covenants shall not be construed to be joint or several, from the particular language in which they may be conceived, but shall be measured and moulded according to the interests of the covenantees." But he adds, on the same page, "that when it appears that every of the covenantees hath, or is to have a several interest or estate, then, when the covenant is made with the covenantees, *et cum quolibet eorum*, these words make the covenants several in respect to their several interests."

There is no question that, if the interest and cause of action be joint, the covenant is to be so construed as to accord with the interest, even where the covenant is joint and several, or several only in the terms of it. *Platt*, 127. And so decided in *Southcote vs. Hoare*, 3 *Taunt.*, 87. There the covenant was "to and with the covenantees, and with every of them." And this was said, by *Lord Mansfield*, to mean, "with every of the persons entitled jointly." But it is also said, in the same case, "there is a great difference between covenants, where the parties covenant jointly and separately, and where they covenant *with them, and every of them.*"

The doctrine more particularly applicable to this case, is to be found in 1 *East.*, 497, cited by the counsel for both parties here. "Where the covenant is to several, for the performance of several duties to each, there the covenant shall be moulded according to the several interests of the parties, and each shall only recover for a breach, so far as his own interest extends."

Lahy and Counselman, vs. Holland, Adm'r.—1849.

The covenant in the case in 1 *East.*, however, was decided to be a joint covenant, being "with *A.*, his executors, administrators and assigns, and with *B.* and her assigns, to pay an annuity to *A.*" Here, although for the benefit of one, yet both have a legal interest. For, upon a covenant with two persons to pay a sum of money to one of them, they take a joint legal interest, and must sue jointly upon the covenant. 1 *Chitty on Plead.*, 3, 4, *margin.*

In the case before us, there is no joint legal interest. *Holland* has no interest in *Smith's*, and *Smith* has no interest in *Holland's* portion of the rent; and although the covenant *authorises* them to consider it a joint or several contract, as to either may be convenient, yet it has *expressly separated their interests* by making one sum payable to *Smith*, and another to *Holland*, and pronouncing them, in this view, separate covenants, is in accordance with the doctrine maintained in the authorities cited.

We subjoin an additional authority from 12 *Wendall*, 156. "Where a covenant is with two, as *A.* and *B.*, and each of them to perform *two several acts*, one for the benefit of *A.*, and another for the benefit of *B.*, a separate action may be brought by each covenantee, in his own name."

JUDGMENT AFFIRMED.

---

The two other cases, Nos. 19 and 20, were actions of *covenant*. The first was instituted by *Richard Smith*, as surviving obligee of *Solomon Holland*, upon the same agreement as in the preceding case, No. 18, and the second by the same party, in the same right, against *Samuel Counselman*, upon an obligation recited in the opinion below, endorsed upon the said agreement.

The defendants, (the appellees in these two cases, pleaded in each case:—1st. That *Solomon Holland*, in his lifetime,

instituted a suit against defendants on the same cause of action, which is still pending and undetermined. 2nd. The same plea as in No. 18.

To these pleas the plaintiff demurred generally, but the court overruled the demurrer and entered judgments for defendants. The plaintiff appealed.

JOHN A. CARTER, for the appellant, insisted, that the judgment of the court in both these cases was erroneous and ought to be reversed :

1st. Because *Lahy* and *Counselman* covenanted with *Smith* and *Holland* jointly; and although by the terms of the covenant, "the sum of $150 was to be paid to *Smith*, and $150 to *Holland*, trustee of *Wilson*, or such other trustee of *Wilson* as might be lawfully appointed, and made recoverable by distress or otherwise, by *Smith* and *Holland*, or person authorised to receive jointly or separately;" yet, it being a joint covenant with *Smith* and *Holland*, *Holland* could not sue upon it separately, and it is no bar to an action, that one having no right to sue, has instituted a suit upon the same cause of action.

2nd. If the covenant of *Lahy* and *Counselman*, to pay $150 to *Smith*; and $150 to *Holland*, trustee of *Wilson*, or such other trustee as might be lawfully appointed, was not a joint, but a several covenant, upon which *Holland* could recover separately; yet, the covenant of *Samuel Counselman* to become security, "that the above named *Richard Lahy* and *John Counselman* will perform all which on their part they are required to perform," is a joint, and not a several covenant to *Smith* and *Holland*, upon which a joint right of action accrued to them, upon the failure of *Lahy* and *Counselman* to pay the several sums of money mentioned in the covenant, for a breach of which joint covenant, *Holland* could not separately recover. 12 *G. & J.*, 265. 1 *East.*, 497. 12 *Wendell*, 156.

A covenant made with *B*, to pay several sums to *C*, *B*, and *G*, separately, *B* must sue alone. *Wright*, 431.

It is clear, that upon a covenant with two persons to pay a

sum of money to one of them, they take a joint legal interest, and must jointly sue upon the covenant. 1 *Chitty on Plead., pp. 3 and 4, in margin.*

Where the covenant is joint and several in its terms, yet if it appear that the interest and cause of action are joint, the action must be joint, as if one covenants to do an act for the benefit of two, and binds himself to them, and each of them, for performance, the action must be joint, though these last words are words of severalty. *Slingby's Case, 5 Co.,* 18 *b.*

It is conceded by the counsel for the appellees, in his argument filed in these cases, that the covenant of *Lahy* and *Counselman,* was a joint and not a several covenant, and the appellant insists upon the benefit of the concession, together with the authorities there cited, to establish that as a settled point in the cause.

If a cause of action accrued jointly to *Smith* and *Holland,* during the lifetime of *Holland,* it would require a stretch of legal ingenuity to sustain the position, that the cause of action did not survive to *Smith* after the death of *Holland.*

When one or more of several obligees, covenantees, partners, or others, having a joint legal interest in the contract, dies, the action must be brought in the name of the survivor. 1 *Chit. Pl., p.* 21.

R. J. BOWIE, for appellees.

We do not think that it necessarily follows, because the contract was joint in interest, that the right of action should be in *Smith,* as survivor of *Holland,* or that there is any inconsistency in contending that both series of actions are improperly brought.

He contends, that by the terms of the contract, the joint interest was in *Smith,* and *Holland* trustee, or "such other trustee as should be lawfully appointed." *Holland* did not hold in "*proprio jure,*" but as trustee for another, and the promise to pay was to him, "or such other trustee," which qualification ran throughout the contract; as soon as *Holland* ceased to be trustee, his interest ceased; as soon as another

trnstee was appointed, that interest was transferred to him, and the right of action to that trustee, conjointly with *Smith.*

The same objection therefore applies to the action of *Smith,* which lies to that of *Holland,* that is, nonjoinder of a person who, on the face of the contract, should have been joined. The defendants by their plea, which is admitted by the plaintiff's demurrer, show, that *Holland,* on the 1st of January, 1839, resigned the trusteeship, and that *Reuben Summers* was lawfully appointed and authorised to receive; *Summers* therefore became, by the terms of the covenant, co-obligee of *Smith,* and should have been united with him in the action; there is no survivorship here, both obligees are in being, and as such should sue.

This is not the case of a deed "*inter partes,*" where the right of action would be in the parties to the deed, though the interest be in another, but like a deed poll, in which case the action enures to the party interested. *Vide Chitty Plead., 4 Amer. Ed., p. 4, in margin.* But if the court should hold the instrument to be "*inter partes,*" "the trustee lawfully appointed and authorised to receive," is, in the judgment of the appellees' counsel, the co-obligee of *Smith,* and should have been his co-plaintiff.

If, on the other hand, the court should hold the right of action to be several and not joint, *Smith* should have sued, individually, for the non-payment of the moiety of the rent, and not as survivor for the non-payment of the whole.

FRICK, J., delivered the opinion of this court.

The first of the above suits is an action brought by the appellant, upon the same agreement which is the cause of action, and declared upon in No. 18, *(Lahy and Counselman, vs. Nathan Holland, Adm'r of Solomon,)* and the plaintiff claims as the survivor of *Solomon Holland,* trustee of *A. M. Wilson,* to recover $300, the whole amount of rent reserved in the agreement between the parties. The breach set out in the declaration is for the whole sum, and is the sole breach alleged, and the inquiry is precluded how far it is competent for the

appellant to recover the amount of $150, expressly reserved to him in the agreement. He sues for the whole, and the sole breach alleged is for the whole, on the ground that the covenant being joint, by the death of *Holland,* the action survived to him. We have already decided in the case referred to, that the covenant of the appellees is several to each of the covenantees, and have sustained the claim of *Holland's* administrator to his proportion of the rent, and it follows that the action, in its present form by the appellant, is misconceived. He cannot recover in this action the $150 payable to him, because he sues as survivor for the whole, and he cannot recover the whole, because, under the separate covenant with him, he is not entitled, and the judgment of the county court must be *affirmed.*

In the second case the appellee is sued by this same appellant, as survivor of *Holland,* upon the following obligation endorsed upon the agreement: "I do hereby bind myself and become security, that the above named *Richard Lahy* and *John Counselman,* will perform all which on their part they are required to perform by the aforegoing agreement. Witness my hand and seal.         S. Counselman,        (Seal.)"

What they are required to perform, is to pay *to each of the* covenantees the sum of $150. The declaration and the breach alleged being in the same terms as in the former action, and predicated upon the basis of a joint contract, and the whole sum being claimed against this defendant as security, it follows that this action is also misconceived, and the judgment below must be *affirmed.*

                                        JUDGMENTS AFFIRMED.